The opinion of the court was delivered by

Mr. Justice.Huger.

Although the second and third clauses of the prison bounds act only require the sheriff to take satisfactory-security, yet what was regarded by the legislature as satisfactory"'security, is plainly intimated in the 7th. clause. - The words are f any prisoner committed on execution as aforesaid, who shall’ hot give in such schedule agreeable to the tenor of his bond’, shall not be any longer entitled to the benefit of the rules.
That the prisoner in execution is not entitled to the benefit of the rules without having given a bond, is not only a plain implication from the words, of the clause, but such has been the construction given to the act (as far as we can ascertain from the practice under it) ever since its date in 1788. A-practice so old should not be lightly disturbed, the more especially as such a practice appears essential to the accomplishment of one of the objects of the act; which is to secure to the plaintiff, a right to the assignment of the bond; should the prisoner not •comply with the requisition of the act. The words are “ that the (prisoner’s) bond shall be forfeited and assigned.to the plaintiff. “If the prisoner be only entitled to the rules on his giving bond, the sheriff could have no right to discharge him without a bond. If he discharge him when he has no right to do so, it is an escape, for which the sheriff is responsible; as such an escape is illegal, it can furnish no consideration on which a contract can be supported. The motion must therefore be refused.
Mott, tolcock and Johnson, Justices, concurred.